**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JOSE M. CHARRIEZ,

    Plaintiff,

vs.                                      Case No. 4:12cv631-WS/CAS

KENNETH S. TUCKER,
and DANIEL BANNISTER,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

After review of the pro se Plaintiff's complaint, doc. 1, an Order was entered directing Plaintiff to file an amended complaint. Doc. 4. Plaintiff filed a motion for reconsideration, doc. 6, which was granted, but Plaintiff was advised that after review, the Order directing the amended complaint was correct and Plaintiff was directed to comply. Doc. 8. In the meantime, Plaintiff also objected to the Order, doc. 7. The objections were denied, doc. 9, and the Order was upheld. When Plaintiff failed to file an amended complaint, a report and recommendation was entered, doc. 10. Thereafter, Plaintiff filed a motion for reconsideration, doc. 11, and the amended complaint, doc. 12, and the report and recommendation was vacated. Doc. 13.

After review of the amended complaint, doc. 12, another Order was entered directing Plaintiff to file a second amended complaint and, once again, explaining the deficiencies with the amended complaint. Doc. 13. Plaintiff filed more objections to that Order, doc. 14, and once again, the Order was upheld. Doc. 15.

Plaintiff has now filed a response, doc. 17, to the Order, doc. 13, requiring Plaintiff to amend and to the Order, doc. 16, which continued the deadline for Plaintiff's compliance after entry of the last Order, doc. 15 from District Judge Stafford. In his response, doc. 17, Plaintiff states that he "declines to file any [illegible] amended complaints as ordered" by this Court. Accordingly, this report and recommendation is entered to dismiss this case without prejudice, permitting Plaintiff to file a new civil rights complaint at such time he is willing to comply with court orders.

Plaintiff's amended complaint, doc. 12, does not comply with the requirement of Fed. R. Civ. P. 8(a), that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2), *quoted in* Dura Pharmaceuticals, Inc. V. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 1634, 171 L.Ed.2d 577 (2005). The allegations of a complaint must give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 1634, *quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff's amended complaint fails to provide sufficient information so that each Defendant can know what he is alleged to have done, and respond as may be appropriate to those allegations. Plaintiff fails to provide clear and direct statements of facts, choosing instead to assert legal conclusions.

As to his claim against Defendant Bannister, the assistant warden of Sumter Correctional Institution, Plaintiff claims that in April of 2011, he was called before the Institutional Classification Team and informed that his visitation privileges had been "suspended until further notice." Doc. 12 at 6, ¶ 4. Plaintiff alleged that after exhausting administrative remedies, he filed a lawsuit concerning the suspension of his visitation rights and naming Defendant Bannister as a Defendant. *Id.* at ¶ 5. Plaintiff was then transferred on March 19, 2012, from Sumter C.I. to Hardee C.I. *Id.* at ¶ 7. At some unspecified time, Plaintiff's visitation privileges were restored because Plaintiff alleged that his parents visited him on May 26, 2012. *Id.* at ¶ 9. Plaintiff's transfer took place nearly a year after Plaintiff had his privileges suspended.

Plaintiff contends that there are sufficient facts to infer that his transfer was due to retaliation. Doc. 12 at 7. However, Plaintiff fails to allege any facts which show how Defendant Bannister was involved in directing or arranging Plaintiff's transfer or was involved in any way with Plaintiff. Plaintiff's facts demonstrate that Defendant Bannister only interacted with Plaintiff as part of the Classification Team that suspended Plaintiff's visitation in 2011. Plaintiff has not presented any grievances that were signed by Defendant Bannister or which involved Defendant Bannister. There are no facts which show Defendant Bannister had any contact with Plaintiff since April of 2011. Thus, there are no facts alleged which demonstrate that Defendant Bannister violated any federal constitutional right of the Plaintiff and the amended complaint must be dismissed as to Defendant Bannister.

Plaintiff does not have a legal right to remain in a particular geographic region or prison facility. State law may assert a policy and desire to maintain a prisoner's housing

close to family, but it is not a constitutional right protected by the Due Process clause. *See* doc. 4 at 2-3. Plaintiff had no right to a hearing prior to his transfer so that he could "be heard" on the issue. Any such assertion of a "state created liberty interest" in remaining at his prior prison or in selecting the new prison to which he would be transferred is insufficient as a matter of law. Thus, because Plaintiff provides no facts against Defendant Tucker which reveal the violation of a federal constitutional right, the amended complaint must be dismissed as to that Defendant as well.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 4, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**